This is Anderson v. Anderson, No. 518-0504. After you are ready, you may proceed. Thank you, Your Honor. Ms. McCord, counsel. This appeal is brought pursuant to Illinois... Could you identify yourself? I'm sorry? Identify yourself. I'm sorry, I'm Jennifer Thompson, counsel for the appellant Andrea Anderson. This appeal is brought pursuant to Illinois Supreme Court Rules 304-B-6 and 311-A from the orders issued by the Honorable Carrie C. Gill of Williamson County on September 4, 2018 and October 18, 2018. The first issue on appeal can be broken down into two components. The first is the record on appeal clearly establishes that the trial court did in fact grant the petitioner's emergency petition pursuant to and under the relief provided by the Illinois Relocation Statute 750-ILCS-5-609.2. But the trial court did not have authority to do that under the relocation statute, given that the parties were married and no judgment, order, or agreement was in effect between the parties relating to the allocation of parental responsibilities of the minor children. As a result, it was an error on the trial court's part to apply section 609.2 in order to grant an emergency petition and require the minor children returned to the state of Illinois within a 25-mile radius. Did the court later, though, after I guess a motion to reconsider, rule that not only was it going to apply section 501, temporary injunctive relief, and basically borrow the 25-mile, not say borrow, but use the 25-mile radius, which as you've mentioned is in the relocation statute, but then just apply it to under section 501? Yes, Your Honor, but the emergency petition wasn't brought pursuant to 501, and the pleadings, the emergency petition didn't have any of the requisite language in it that would say, you know, the four components for granting an injunction. So it's kind of like a moving target for my client. Is she defending herself under the relocation statute, or is she defending herself under the temporary relief statute? I mean, the court on August 31st was very clear that it makes the most sense, I think, to look at the best interests of the children and apply the standards to determine whether relocation is in fact proper or not at this point. And then there's this language you just cited, this best interests language. Under the statute, when do you reach that issue? You don't even reach that in an injunctive proceeding, do you? Correct. The best interests, which she applied originally, and then once I brought it to her attention, she backed out and said it was the parties' interests that she was looking at. But if you look at her October, I believe October 19th ruling, she didn't cite the interests of the parties, she cited the interests of the children. She said, you know, both the mother and father's relationship with the children and their involvement in the activities, the mother's alleged denial of contact between the children and the father, the mother's alleged refusal to return the children to Illinois for a funeral, and the mother's inability to keep scheduled phone calls with the father. So those are all, those aren't the interests of the parties. So again, you know, when we went to the first two hearings, because they were broken down in two days, we were under the relocation best interests standard. And then once I filed my brief motion to reconsider, we moved to the children relief statute, which is, there's case law regarding granting an injunction, and my client needs to know that she's defending herself specifically on the injunction. You know, Mr. Anderson didn't ever allege in his emergency petition that he had a right that needed protected. He never alleged that there were no legal remedies that would adequately protect his rights. He never alleged that without the injunction, he would suffer irreparable harm. He never alleged that he was likely to succeed on the merits. And the merits of the case would be that it would be in the best interest of the children that he be the majority-time parent, per his petition. So, you know, when we look at the relocation, it is the best interest of the children's standard. Let me ask you this. When the judge made some comments on the record, like, well, I'm going to apply the relocation statute because the petition for divorce was contemplated, right? Correct. At that time, when the petition was filed, where were the children residing? They had moved to Tennessee and had been residing in Tennessee when the divorce was filed. So I didn't see where you raised the issue of jurisdiction at all. I mean, the statute, as I read it, says that a court who allocates parental responsibility only has jurisdiction where the children reside. Well, that would fall under the UCCJEA for residence, and a child is a resident of a state if they live there for six months or longer. But the children had, in fact, not lived in the state of Tennessee for more than six months, so I did not raise the issue of jurisdiction based on that. So you used a six-month standard as opposed to, I mean, is that the rule, a six-month rule? Is that pretty common amongst the states because of the Uniform Act? Yes, it is the Uniform Act, and that is, let's see. Now, let me move on a second. Okay. Best interests is a completely different analysis than this relocation statute. Is that true? No, it's not true. The relocation statute is best interest of the child as one of the factors that the court considers in determining whether relocation is appropriate as the best interest of a child standard. So do you believe that the court incorrectly evaluated best interests? I don't believe the court evaluated best interests at all. Of the children, I mean. Yes, there were no findings relating to the best interests of the children in any of the court's analysis or reasoning for the finding. Well, in looking at the in-camera transcripts. Yes. Yes. Are we supposed to say what they say? I'm not going to say what they say. I'm sure you've read them. It would seem to me that there was a distinct preference, let me put it that way, by the children. Did you see that? As to where they wanted to live. In my reading of the in-camera, the distinct preference was to be. No, I'm just saying there was a distinct preference. Would you agree with that? You don't understand the point. Well, no, I hesitate because, I mean, in my reading of it, the children wanted to be with their mother. That was my reading. Okay, I wasn't sure that I could say that. I'm sorry if I wasn't supposed to. Well, I guess that's up to you. But that was my question, is there was a distinct preference that the children wanted to live with their mother. These are 13 and 15-year-old children that packed up their own rooms and helped their mom pack the rest of the things to move with their mom to Tennessee. These are not 5 and 7-year-old children that the mom said, you're going, you have no choice. They made the decision based on what was going on in the home. I know you read the issues, and their father had a ban on alcohol for the entirety of their lives. And then in April or May of last year, 2018, he started drinking every day. And that exacerbates some of the controlling issues that are also in the record. The other question I had, though, was by the time this hearing occurred, these kids were already enrolled in school in Tennessee, right? Yes, Your Honor. They had made the cheerleading or cheer squad or whatever? Yes, Your Honor, both children. So the older child, Allie Gray, had the opportunity to be a cheerleader for a football team. They didn't have the opportunity in Crab Orchard because there was no football team in Crab Orchard. Amelia, the younger child, had the same opportunities for her age group, but now she also has the opportunity to be on the cheerleading for the football team. And cheerleading, by all stretch of the imagination, is not end-all, be-all. But it's the opportunities that are now afforded to these children in this Tennessee school that there's no comparison to Crab Orchard at all. And the father said, well, they could be bused to Marion to have these same opportunities. But that in itself isn't true either because, you know, you have to be of a certain age to be bused to the school to get opportunities that are now readily available to them in this Tennessee school district. But one child at least thought that her educational opportunities were better in addition to her extracurricular activities. Correct. That's the older child, Allie Gray, who wants to be a veterinarian. So she talked to the counselor at the school and they took that into consideration and enrolled her in small animal science. She was also able to get advanced chemistry in her school in Crab Orchard. She wasn't even offered the opportunity to have chemistry, let alone advanced chemistry. So, you know, the children, again, while they're minors, I mean, they're old enough to have a preference. And their preference was to move out of the marital residence with their mom to Tennessee. So what relief are you actually seeking from this court? We're asking that this court reverse the court's injunction and allow the children to remain in the state of Tennessee. Well, I guess that's my problem. There's been no real final hearing on this petition. I understand. I'm not sure that we can go as far as you want us to go. That's why I'm asking what relief you want. Right now, there's just an injunction in place that theoretically would preserve the status quo. If that got reversed, there would still be a petition on file, right? There would be. May I talk about the status quo? Yeah. The three cases that I cited about status quo, that's not what the court did. The court didn't order status quo to be returned. I understand that. But what I'm saying is let's suppose theoretically that this court agrees that this order was imprudently entered. If the order gets set aside, all that it does is set aside an injunction. Yes. The mother still has a petition on file, correct? Yes. And then that petition would proceed in some orderly fashion in Illinois. Yes. The mother also has counter petitions on file. And the parties would proceed to mediation. And then the case would go through the course as it would in any other dissolution action. But the fact now that the children have lived in Tennessee probably for how many months? For more than six months at this point, Your Honor. Right. Does the trial court lose jurisdiction or can you waive subject matter jurisdiction? You can't waive subject matter jurisdiction. Is this subject matter or personal jurisdiction? I believe it would be personal jurisdiction since at the time the proceeding began, the children had not lived in Tennessee for the six-month period of time. So the court would proceed to hear the petitions if we set this aside? Yes. Or either way? Right. It would proceed on the merits of the case. And there would have to be the best interest standard. At that point, there would be a whole other analysis on best interest. Correct. Right. Correct. Our position, you know, today is that, you know, first the order was under the relocation statute, and then when I pointed out the errors, it became under the 501 statute, which, you know, I hate to use the word it's not fair to my client, but again, she has to know what she's defending herself on. And if we were defending herself on a fair injunction. Well, that's okay. I have another question for you, and we'll give the other side of the time. But you were just saying that you're defending on an injunction, but you cited what statute? I'm sorry, I don't understand. You cited, and I think Justice Overstreet cited it, you cited a section of the dissolution statute that deals with the injunction, right? Yes, 501. Right. But here's my question. We have an injunctive relief act in Illinois that's, I think it's 735 ILCS 5 slash 11. 1101, yes. Yeah, I was close. Do you believe that the 501 is incorporated within the injunctive relief act in Illinois, that is the injunctive relief act applies to 501? I believe it does apply to 501 because first you have the code of civil procedure, and we follow the code of civil procedure under the Illinois Marriage and Dissolution of Marriage Act. Okay, very good. That's very important to me. Okay, thank you so much. Okay, thank you. And we should give the other side time. Sure. Counsel, you'll get some extra minutes if you need it. You may proceed. Thank you. Your Honors, may it please the Court. It's possible. My name is Joe Sosrovoff, and for the record, I represent the appellee petitioner, Mr. Mark Anderson. I'm troubled by this case, both as a father and as an attorney. But before I get into the main argument, there's one prior. Because as an office, we filed a petition to strike this notice of appeal on November 16, 2018. We were informed that they would take this petition to strike the notice of appeal up on this particular date. The reason for the appeal is because, as I think everyone's in agreement, there was no determination of custody. And there was no determination of parental responsibilities, allocation of parenting time, or any modification of those things that I just listed. There was an injunction, however. There was. Are you saying that, okay, go ahead. Under Illinois Supreme Court Rule 304A, 304A requires a specific finding in the case of an appeal when there is a judgment that is not a final judgment. So that is one of the problems with your injunction, sir. And it kind of goes in keeping with my last question to Ms. Thompson. If, indeed, the rules of civil procedure apply under the Illinois Injunctive Relief Act, then an injunction must contain findings of fact that support the injunctive relief granted. There must also be other requirements, timing, the time the order is entered, when it expires. All of these kinds of things that, if it's a true injunction, are not present in this order. Well, I disagree about not being present, but before I think you get to... Well, show me, then. I think before you get to that point, we're having a B6, 304B6 petition filed for appeal, which specifically states that there has to be a custody determination, a judgment, an allocation of parental responsibility, or a modification of those things. None of those things apply here. So how can this be on appeal on a 304B6 when none of those things exist? In order for it to be an appeal at all, without the custody, without a finding, a judgment, a parental responsibility, or an allocation of parenting time, there has to be a special finding because this appeal would fall under 304A. So this notice of appeal comes to us based on a custody issue, based on responsibility of parenting and allocation, but none of those things have been found in the first place. Well, did your relocation, didn't your relocation petition also rely on a parenting plan that didn't exist? I don't believe so. There wasn't a parent... I mean, let me look at the statute again, but it seems to me that under the statute that was used, there had to have been some kind of proceeding in play at the time. Well... And there wasn't. What proceeding exactly are you... The filing of a petition for dissolution of marriage. The petition was filed four days after the children were removed from the state of Illinois. And at the same time, a motion for temporary relief was filed, and at the same time, the injunction was filed. All three were filed when these kids were whisked away from their home. You filed a separate petition for injunctive relief? It's the motion filed on October... I'm sorry, on August 1st, 2018, and that was the one that is titled petition... I'm sorry, petition for enjoyment from the state of Illinois. But yes, that was... Petition... I'm sorry, the petition for what? But did you call it the petition... There was an emergency petition to enjoin the removal of minor children, and it should have been from the state of Tennessee or the state of Illinois. And that was filed on August 1st, 2018. Same day as the petition for dissolution. And the same day as the motion for temporary matters. And this was four days after the kids were taken from their home and moved to Tennessee. And so we did act appropriately. However, I just don't think a B6 motion for an appeal is appropriate under Illinois Supreme Court rules. Unless I'm reading that wrong, and I'll defer to the court, obviously. But 12B6 is specifically meant for judgments of custody, parental responsibility, or allocation of parenting time. And this is not one of those cases. In fact, counsel for the appellate even explains that there is no determination of best interest of the child. That there is no issue of custody. As of right now, if the girls in Tennessee were asked, or if the mother was asked, who has custody of the children, what's the answer? The answer would be that both parents currently have custody of the child. Because there has been no determination of custody. And yet, we're appealing. So, right now, when I cite in my brief, the case law. So, for a special finding to be had, the judge would have had to consider the Geier factors. Which is the relationship between the adjudicated and the unadjudicated claims. The possibility that the need for review might be mooted by future developments. I think that's key here. No matter what the court does today, this case goes back to the trial court. And guess what? There's a dissolution of marriage petition pending. The court could rule opposite of whatever the appellate court does. The court could give full custody to the mother, full custody to the father. We could have temporary hearings. We could have hearings about parenting time. We could have hearings for allocation of responsibility. So, how is this case ready for an appellate court decision at this point? That's the whole point of filing 304B6 versus 304A. And so, the relief that we're asking in that petition to strike, obviously, is to strike this, to bring it back to the trial court, and let this proceeding continue in the trial court. She still maintains her ability to appeal. But right now, there's no final decision as to the allocation of parenting time or parenting responsibilities. As for my second point, is that... So, you're saying, I want to make sure I understand this jurisdiction argument. You're saying there's no appeal under 304B? Correct. And Ms. Thompson has filed her appeal under 304B? Correct, Your Honor. But, and you think that this court does not have the power to convert the appeal into a 306 appeal? I don't believe that it's appropriate at this juncture in the trial court proceedings. Well, it is an injunction under which there is permissive, there is a right to a permissive appeal under 306. So, my question to you is, with this injunction sitting before us, which clearly affects the allocation of the care and custody of a child under 306A5, you don't think we have the power to change her pleading or assuming there's a rule number? And yet, the trial court, in your case, took a petition filed under the wrong statute, reformulated it into an injunctive relief petition, and then entered an order on it. I'm just trying to figure out what you think our power is. Well, I believe that you can. I just don't think it's appropriate. Okay, so you believe that we do have that authority to say, okay, this is a 306A5 or whatever it is. We can do that. It's possible, yes, Your Honor. Okay, so my question to you is, and I want to, this is really, let's forget the jurisdiction for a moment, because I want to ask you something. If somebody files a pleading under the wrong statute, clearly under the wrong statute, how can a court reformulate a party's pleading? I didn't understand why this judge did that. I would argue, Your Honor, is that if the judge didn't have discretion to take the essence of a pleading out of a pleading that should be literally construed in the first place, that I seriously would say that there could be a lot of harm done to any pro se litigant in the state of Illinois. We don't have pro se, and the reason I asked originally about the Illinois Injunctive Relief Act is because courts in the state hold trial courts to a very strict standard when issuing an injunction. You have to have a complaint. It has to say these are the four things that we seek. The order has to be very specific. None of that happened here, and yet the judge issues an injunction first under the wrong statute, and then on the motion to reconsider says, well, I kind of reformulated it under this other statute. So it is kind of a moving target, isn't it, sir? I think it could be. Well, then how can that be fair to the judge? Well, the reason why I think it would be fair, Your Honors, is because they have an opportunity to plead that in the lower court and put evidence on and have the judge hear those others. You brought the case. They don't have to plead anything. It's your burden. But they have the opportunity to bring evidence at that point. I know, but it's your burden. You started the action under the wrong statute. And so the court would advise that we didn't meet the burden of those four elements. Of course, the court... No, wait. The four elements in the statute that you talked about, which is relocation, 25 miles, they're different than saying there's an irreparable harm, I have a chance of success in the merits. None of that is pled in your petition. I couldn't find it anywhere. If it's concisely pled in the pleadings, and there is an opportunity to see in the prayer for relief that we're requesting the child, the children be returned to the State of Illinois, if these things are in the pleadings and not specifically stated, I still think that there's the essence of the pleading is that those elements are there.  Obviously, that evidence led Judge Gill to have the opportunity to pull those elements from the pleadings and the evidence. And I think in this situation, I think that it was called for. Imagine, if you will, hypothetically, a situation where in an intake with a client, I explained to her or him that simply the best way to take care of this divorce as far as moving the children is go ahead and do it, but make sure you do it prior to the divorce petition and the filing. Because if you do that, if you leave the home while the husband is at work, and you go to Tennessee, that's okay. There's nothing that Williamson County can do, and there's nothing that Judge Gill can do, to make sure that the children are surely taken care of as far as the best interest of the children. Of course there is. You can file a petition under the Injunctive Relief Act and use 501 and do it properly. Even in her order of October 18, 2018, Judge Gill says that she found no violation of the statute. Respondent was correct that there was no violation of this statute. Procedurally, she went under a different section. So she's trying to kind of correct what she knows was a mistake originally. Which she has the discretion to do and the ability to do as a trial court judge. She doesn't have that discretion unless there's notice to the other side. I mean, a judge can't just change the order, can they? Change the order. She changes the statute under which she's proceeding. Well, she recognized that the pleading was meant to prevent the removal of the children from Illinois. And we want judges in the trial court to use the most important case of them all. Common sense versus common sense. If you miss an element... Wait a minute. We have statutes first. I understand, Your Honor. But at the same time, we have children who were removed from a home while the husband was at work. And so now the court is explaining to me that if I miss an element specifically laid out verbatim in a pleading, that the judge is not allowed to take the essence of the pleading and do what's best for the children. That because we missed a word or a sentence, even though a judge, who we give the utmost discretion and ability to, has drawn that essence from the pleading, we're going to tell her that you missed that sentence. And so the children are no longer able to live in a marital home. And further, the only home that they have ever known since they were born, the only school they've ever gone to, the only friends that they have played soccer with or ridden horses with. That's what the court is explaining to me. This is not... This move was... And I assume this will be fleshed out more when there's proceeding. But this wasn't just like an overnight I'm leaving. I mean, she moved 12 horses. She had a job waiting for her. She testified that he said it was okay to go. I mean, these are just things that will come out later that, you know, I'm not saying it's true or not true, but there is evidence in the record that this just wasn't an overnight kind of I'm fleeing. I agree absolutely, Your Honor. And it also cuts both ways because there's also evidence in the record that he did not know that she was leaving. And that's why I say it will be fleshed out, although there's certainly text messages from the father to the kids about, you know, you're cut off or whatever. So there's a lot yet to be determined in the case. Absolutely. But your position that if you didn't say something in a pleading, The Illinois Injunctive Relief Act is pretty strict about what you have to say, and you don't even ask for it because you're under a totally different section of the statute when you filed your initial pleading. The initial pleading, you can continue on. Yeah, go ahead. The initial pleading, when it says now comes the petitioner, doesn't specifically explain that we're using a relocation statute. However, there are paragraphs, a couple paragraphs in the pleading that explains some points of the relocation statute. But there is no reason to You rely on it. I'm looking at it right now. There are some paragraphs that explain specific points as 25 miles away and such. No, you rely on the statute. You say, pursuant to 750 ILCS 5-609.2C. And you set forth the section of the statute upon which you're relying. You don't ever say that your client's going to suffer irreparable harm. You don't say that you need to preserve his status. I mean, there's nothing in here that would even come close to the Illinois Injunctive Relief Act requirements. And yet, we get to a motion to reconsider, not even the order, but it's the motion to reconsider where now the court says, well, okay, well, I really was not correct on that, but I'm going to use this section of the statute. I just, I have trouble understanding how that's fair to a litigant. Well, lastly, I'll say that the process needs to be fair, of course, but we're still in the proceeding of this dissolution of marriage. And to allow a mother to remove children from a home while a husband is at work without warning is not doing anything for the best interest of the child. And moreover, and more importantly, as precedent for how we follow our civil procedure in dissolution of marriage. Above that injunction act, there is a higher issue, something more important. And that importance lies in the rule of making sure that we put families first and children first. And if the trial court saw a wrong and a harm to a family, an inappropriate way to begin a divorce proceeding, then that trial court should be given the discretion and granted the ability to make that decision because after all, she is in the seat down there and what's most important in this case are the children. It hurts me to think that we're talking about cheerleading and beta club and chemistry over the relationship that daughters have with the father. I think that's the issue here, not specifically the wording in an injunction. But when we're given two decisions, whether that pleading was specific and perfect or whether these children and the divorce proceedings for all the divorcees that come after us should follow the rule of law and do exactly what we're supposed to do and be civil, I think this one outweighs the other. Thank you. Thank you, counsel. Roberto. Mr. Cervantes talks about missed words or missed sentences in his emergency petition to enjoin. But we're not talking about missed words or missed sentences. We're talking about specific factors required by statute that my client should have been put on notice that she was responding to an injunction versus a relocation issue. You know, 735 ILCS 5-2604 talks about prayers for relief and every account and every complaint shall contain specific prayers to what the pleader deems himself entitled. You know, he wanted the children returned to Illinois. He asked that they be, that my client be enjoined from removing them from Illinois. They were already removed. You know, he could have filed a petition for an injunction under the Civil Procedure Act and the IMDMA, but he didn't. He filed a petition under the relocation statute, and that's why we're here today, because the court did make its initial ruling under the relocation statute. And then in my motion to reconsider, when I pointed out that the factors weren't put, the factors weren't heard, and the factors weren't addressed in the original order, then she changed course. Again, this is, you know, my client needs to know what she's defending. What about the jurisdiction issue? I have heard counsel's argument on that. And, you know, essentially under the relocation, the granting of the relocation, that is a best interest standard. And I understand it's not a final judgment, but, you know, this, I believe this appellate court does have jurisdiction, because what remedy does my client have when the trial court makes an error and, you know, her decision is based on one statute and it's based on another statute, you know? Well, do you think we have the authority to convert this into a 306 appeal as opposed to a 304 appeal? I do believe that you would have the authority to convert this, Your Honor. If we thought it was necessary. If you thought it was necessary and appropriate, yes. Thank you. Okay. Thank you, counsel. I will take this matter and any pending motions under advisement render decision due forth. Thank you.